COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

EFREN DEVOL CASTON,                                 )

                                                                              )              
No.  08-05-00131-CR

Appellant,                          )

                                                                              )                     Appeal from the

v.                                                                           )

                                                                              )             
County Court at Law #5

THE STATE OF TEXAS,                                     )

                                                                              )             
of Collin County, Texas

Appellee.                           )

                                                                              )               
(TC# 005-87479-03)

                                                                              )

 

 

O
P I N I O N

 

This is an
attempted appeal from a conviction of a misdemeanor offense of driving while
intoxicated, for which Appellant Efren Devol Caston received a sentence of 90
days=
confinement and a fine of $500.  The
issue before this Court is whether Mr. Caston timely filed his notice of appeal.  We conclude that he did not and dismiss the
attempted appeal for want of jurisdiction.

The record
reflects that the trial court entered its judgment and imposed its sentence on
January 19, 2005.  No motion for new
trial was filed in this case.  Mr. Caston
filed a notice of appeal on February 25, 2005.








A timely notice of
appeal is necessary to invoke the jurisdiction of this Court.  Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App. 1996).  Tex.R.App.P. 26.2(a) prescribes the
time period in which notice of appeal must be filed by the defendant in order
to perfect appeal in a criminal case:

(a)        By the Defendant.  The notice of appeal must be filed:

 

(1)        within 30 days after the day sentence is
imposed or suspended in open court, or after the day the trial court enters an
appealable order; or

 

(2)        within 90 days after the day sentence is
imposed or suspended in open court if the defendant timely files a motion for
new trial.

 

Therefore, a defendant=s notice of appeal is timely if filed
within thirty days after the day the trial court enters an appealable order or
after the day sentence is imposed.  Tex.R.App.P. 26.2(a); Olivo, 918
S.W.2d at 522.  Rule 26.3 allows for an
exception:  The appellate court may
extend the time to file the notice of appeal if, within fifteen days after the
deadline for filing the notice of appeal, the party:  (a) files in the trial court the notice of
appeal; and (b) files in the appellate court a motion complying with Rule
10.5(b), reasonably explaining the need for the extension of time.  Tex.R.App.P.
26.3; Tex.R.App.P. 10.5(b)(2).

The last date
allowed for timely filing of the notice of appeal was February 18, 2005, thirty
days after the day the trial court imposed its sentence.  Tex.R.App.P.
26.2(a)(1).  Mr. Caston did not file
his notice of appeal until February 25, 2005 and did not file a motion for
extension of time.  Therefore, Mr. Caston
failed to perfect this appeal. 
Accordingly, we dismiss the appeal for want of jurisdiction.

June
23, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)